DECISION OF DISMISSAL
This matter is before the court on Plaintiff's oral request for dismissal, conveyed to the court by Plaintiff's representative Kevan Farrer (Farrer), during the June 3, 2008, status conference.
In its appeal to this court, Plaintiff had challenged the ownership and value of certain business related personal property it acquired and used in leased space. The tax year at issue is 2007-08. Plaintiff did not file a personal property return with the assessor reporting the property value, and did not appeal the assessor's value determination to the county board of property tax appeals (board) after it received the tax statement in October 2007. A return was due by March 1, 2007, and the board appeal deadline was December 31, 2007. See ORS 308.290; ORS309.100(2).[1] Plaintiff contacted the assessor's office after receiving a Notice of Intent to Issue Warrant dated December 18, 2007, and subsequently filed an appeal to this court on January 25, 2008.
Early discussions between the parties during proceedings in this court centered on Plaintiff's inventory, ownership of the property, and repeated requests by Plaintiff for copies of returns filed by prior owners, which by law Defendant is precluded from sharing. ORS308.290(10). *Page 2 
Farrer maintained that he did not know what property was on the premises on the assessment date, and felt that a copy of the prior owner's return would help him answer that question. The court suggested Farrer talk with the prior owner, from whom he bought the property in November 2006.
After some investigation, Farrer discovered that both the prior and subsequent owners of the business reported considerably more property — and property value — than what he originally believed he owned and, therefore, was required to report. Farrer advised the court that he had no basis to challenge the assessment and would pay the amount owing. Farrer asked if any penalties and interest that Defendant may have imposed could be abated. Although that issue was not raised in the appeal, the court advised Farrer it lacked any abatement authority. The board was the body with that authority, and Farrer had not petitioned the board. After some discussion, Farrer withdrew the appeal.[2] Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ______ day of June 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on June 9, 2008.The *Page 3 
Court filed and entered this document on June 9, 2008.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2005.
[2] Farrer had earlier stated he might review the facts of the case and appeal to the Supreme Court. (The court notes that any appeal would first be to the Regular Division of the Oregon Tax Court, not the Supreme Court.)
The court is issuing a decision rather than a judgment because a decision can be appealed, whereas a judgment cannot be appealed. Typically, the court issues a judgment when a taxpayer withdraws. *Page 1